Kevin R. Sutherland (State Bar No. 163746)
Autumn E. Lewis (State Bar No. 295584)
CLYDE & CO US LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600
Facsimile: (213) 358-7650
Email: kevin.sutherland@clydeco.us
        autumn.lewis@clydeco.us

Jeffrey J. Ellis (*Pro Hac Vice* application to be submitted)
David F. Knapp (*Pro Hac Vice* application to be submitted)
Orla M. Brady (*Pro Hac Vice* application to be submitted)
CLYDE & CO US LLP
405 Lexington Avenue, 16th Floor
New York, New York 10174
Telephone: (212) 710-3900
Facsimile: (212) 710-3950
Email: jeff.ellis@clydeco.us
        david.knapp@clydeco.us
        orla.brady@clydeco.us

Attorneys for Defendant,
DELTA AIR LINES, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE FRAUSTO, an individual; CARLOS PEREZ, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> DELTA AIR LINES, INC., a Delaware Corporation; DERRICK STEWART, an individual; and DOES 1 through 50, inclusive, <br><br> Defendants. | Case No. <br><br> NOTICE OF REMOVAL OF DEFENDANT DELTA AIR LINES, INC. TO UNITED STATES DISTRICT COURT [28 U.S.C. Sections 1331, 1332, 1441, and 1446] AND NOTICE OF RELATED CASES PURSUANT TO LOCAL RULE 83-1.3.1 <br><br> Action Filed:   January 6, 2022 |

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:

Defendant Delta Air Lines, Inc. (hereinafter, "Delta") by and through its attorneys, Clyde & Co US LLP, hereby removes this pending action from the Superior Court of the State of California for the County of Los Angeles to the

8838322v1

CLYDE & CO LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, CA 90071
Telephone: 213 358 7600

United States District Court for the Central District of California pursuant to 28 U.S.C. Sections 1331, 1332, 1441, and 1446. Additionally, Delta respectfully requests that this matter be assigned to Judge John A. Kronstadt and Magistrate Judge Steven Kim and deemed related with all other matters arising out of the events of January 14, 2020, as described below and consolidated under Lead Case No. LA CV20-00786 JAK (SKx). This Court may and should take jurisdiction over this action for all purposes for the following reasons:

## INTRODUCTION

1.     On January 6, 2022, plaintiffs Jose Frausto and Carlos Perez, residents of Whittier, California and Bellflower, California respectively, (hereinafter "plaintiffs") filed with the Superior Court of the State of California for the County of Los Angeles a complaint bearing Case No. 22STCV01568. A true and correct copy of the summons, complaint, and related documents (hereinafter collectively referred to as the "Complaint") was served on Delta on January 22, 2022 and is attached hereto as Exhibit A.[1]

2.     Plaintiffs allege that "[o]n the morning January 14, 2020, Delta flight 89 took off from Los Angeles International Airport" and "[s]hortly after takeoff…[the aircraft] experienced a compressor stall in one engine, requiring it to return to LAX." *See* Complaint, Exhibit A, p. 9. During that process, Delta initiated a fuel dump and "dumped jet fuel…in such a manner that the Plaintiffs became coated in fuel." *Id.* at p. 28. Plaintiffs do not allege where they were located at the time of their alleged exposure.

3.     Plaintiffs' complaint purports to allege causes of action for common law negligence, negligent infliction of emotional distress, strict liability for ultrahazardous activities, res ipsa loquitur, public nuisance, and negligence per se

---

[1] Plaintiffs' Complaint also purported to name "Derrick Stewart, an individual" as a co-defendant. Mr. Stewart was improperly joined and there is no good faith basis for his inclusion in the complaint. As such, he has since been dismissed from the case. *See* Request for Dismissal, Exhibit B.

1  and seeks damages for pain and suffering, loss of enjoyment of life and anxiety and

2  damages for lost wages and employee benefits and medical expenses. *See generally*

3  Complaint. It is facially apparent from the complaint that plaintiffs seek damages in

4  excess of $75,000.

5      4.    Delta was served with the Summons and Complaint on January 22,

6  2022. *See* Complaint, Exhibit A.

7      5.    Pursuant to 28 U.S.C. Section 1446(b), the deadline to remove a state

8  court action to federal court is within thirty days after the receipt by the defendant of

9  a complaint that provides a basis to remove or, if the initial complaint does not

10 provide such a basis, thirty days from receiving an amended pleading, motion, order,

11 or other paper that provides a basis to remove the case to federal court.

12     6.    Because this Notice of Removal was filed on February 22, 2022, this

13 removal is timely under 28 U.S.C. Section 1446(b).

14     7.    To remove an action to federal court, "all defendants who have been

15 properly joined and served" must consent to the removal. 28 U.S.C.

16 Section 1446(b)(2)(A). Delta is the only non-fictitious defendant in this action. The

17 remaining defendants are "Doe" defendants, who have not been joined in this action

18 and, to the best of Delta's knowledge, have not been served with process.

19 Additionally, 28 USC 1441(b)(1) states that for removal based on diversity grounds,

20 the citizenship of defendants sued under fictitious names shall be disregarded.

21 Accordingly, no other party is required to consent to this removal.

22     8.    Exhibit A contains true and correct copies of all of the process,

23 pleadings and orders in the State Court action.

24     9.    Delta has served a copy of this Notice of Removal on plaintiffs and will

25 file a Notice of Filing of Notice of Removal with the Clerk of the Superior Court of

26 California for the County of Los Angeles.

27 / /

28 / /

CLYDE & CO LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, CA 90071
Telephone: 213 358 7600

8838322v1

-3-

NOTICE OF REMOVAL OF DEFENDANT DELTA AIR LINES, INC. AND NOTICE OF RELATED CASES

CLYDE & CO LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, CA 90071
Telephone: 213 358 7600

# I

## THIS COURT HAS DIVERSITY JURISDICTION
## BASED UPON 28 U.S.C. SECTIONS 1332 AND 1441

10.    This is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. Section 1332 based on the diversity of citizenship between the parties.  Pursuant to 28 U.S.C. Section 1441(b), this case may be removed by Delta because it is a civil action between a citizen of the State of California and a citizen of a foreign state, and the amount in controversy exceeds the sum or value of US$75,000, exclusive of interest and costs.  As demonstrated below, because all requirements to remove this action are satisfied, this Court has original jurisdiction over this action and this case may be removed to this Court under 28 U.S.C. Sections 1331, 1332, and 1441.

### A.    *Complete Diversity Exists*

11.    For purposes of diversity jurisdiction, complete diversity exists between citizens of a state and citizens of a foreign state.  *See* 28 U.S.C. Section 1332(a)(2).

12.    A person's domicile determines his or her state citizenship for purposes of diversity jurisdiction.  *See Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986).  An individual's domicile is determined by evaluating a number of factors, including the place of the person's residence, employment, property and payment of taxes.  *Id. at* 750.

13.    For purposes of diversity jurisdiction, a corporation is deemed a citizen of the foreign state in which it has been incorporated and where it maintains its principal place of business.  *See* 28 U.S.C. Section 1332(c)(1); *JPMorgan Chase Bank v. Traffic Stream (BVI) Infrastructure Ltd.*, 536 U.S. 88, 92 (2002); *Danjaq, S.A. v. Pathe Commc'ns Corp.*, 979 F.2d 772, 773 (9th Cir. 1992).

14.    Plaintiffs Jose Frausto and Carlos Perez are residents of and are domiciled in California.  Jose Frausto resides in Whittier, California and Carlos

Perez resides in Bellflower, California.  *See* Complaint, Exhibit A at p. 1 and 2.

15.     Defendant Delta is a Delaware corporation with its principal place of business in Atlanta, Georgia.

16.     The defendants identified in the complaint as Does 1 to 50 are merely fictitious parties against whom no valid claim can be alleged.  Pursuant to 28 U.S.C. Section 1441(b), the citizenship of the defendants sued under fictitious names shall be disregarded.

17.     Accordingly, since plaintiffs are citizens of the State of California and Delta is a citizen of a foreign state, there exists complete diversity of citizenship between these parties for purposes of establishing diversity jurisdiction under 28 U.S.C. Section 1332(a)(2).

**B.     *The Amount In Controversy Exceeds US $75,000***

18.     Where an amount in controversy is not stated in a complaint, removal is proper if, from the allegations of the Complaint and the Notice of Removal, the moving party can establish, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional amount.  *See* 28 U.S.C. Section 1446(c)(2)(B); *Rodriguez v. AT& T Mobility Service*, 728 F.3d 975, 977 (9th Cir. 2013).  Under this standard, the defendant must show, based on allegations in the complaint or by use of extrinsic evidence, that it is "more likely than not that the amount in controversy exceeds [the jurisdictional amount]."  *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007).

19.     Where a complaint fails to allege a specific amount in damages sought, the jurisdictional issue is not "whether the pleaded damages are greater than the requisite amount, but whether a fact finder *might* legally conclude that they are." *Grawitch v. Charter Communications Inc.*, 750 F.3d 956, 959 (8th Cir. 2014) (emphasis in original) (internal citations omitted).  "[T]he removing party's burden is to show not only what the stakes of the litigation could be, but also what they are given the plaintiff's actual demands.... The demonstration concerns what the plaintiff

CLYDE & CO LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, CA 90071
Telephone: 213 358 7600

NOTICE OF REMOVAL OF DEFENDANT DELTA AIR LINES, INC. AND NOTICE OF RELATED CASES

1   is claiming (and thus the amount in controversy between the parties), not whether

2   plaintiff is likely to win or be awarded everything he seeks." *Hartis v. Chicago Title*

3   *Ins. Co.*, 694 F.3d 935, 945 (8th Cir. 2012) (alterations in original) (citations

4   omitted).

5       20.    While Delta denies liability, the amount in controversy is determined

6   based on plaintiffs' allegations in the Complaint, which the Court must assume to be

7   true. *See Korn v. Polo Ralph Lauren Corp.*, 536 F.Supp.2d 1199, 1205 (E.D. Cal.

8   2008) ("In measuring the amount in controversy, a court must assume that the

9   allegations of the complaint are true and that a jury will return a verdict for the

10  plaintiff on all claims made in the complaint. The ultimate inquiry is what amount is

11  put 'in controversy' by the plaintiff's complaint, not what a defendant will actually

12  owe.").

13      21.    Here, it is facially apparent from the Complaint that plaintiffs seek

14  damages in excess of $75,000.  In the Complaint, plaintiffs allege that even though

15  Delta Fight 89 suffered an engine malfunction, which precipitated the return to Los

16  Angeles International Airport, "the pilot of Flight 89….intiate[d] a fuel dump at a

17  lower altitude…even though there was absolutely no need to do so."  *See*

18  Complaint, Exhibit A, p. 13.   The Delta aircraft "sprayed…jet fuel…[onto] a

19  number of schools and thousands of properties. More than 60 people, including at

20  least 20 children, were treated from seven schools in the area, and thousands of

21  properties remain, to this day, covered in jet fuel." *Id.* at p. 14.  As a result of the

22  fuel jettison event, "the Plaintiffs became coated in fuel." *Id.* at 28.  Plaintiffs'

23  allege that they "were injured in their health, strength, and activity, [and] sustain[ed]

24  injuries to their bodies and persons" (*Id.* at p. 34); suffered "serious emotional

25  distress" (*Id.* at p. 39); and suffered lost wages, lost employee benefits, and lost

26  medical expenses due to this incident.  *See generally* Complaint.

27      22.    Thus, it is shown by a preponderance of the evidence that, based on the

28  nature of the allegations in the complaint and the types of damages plaintiffs are

CLYDE & CO LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, CA 90071
Telephone: 213 358 7600

CLYDE & CO LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, CA 90071
Telephone: 213 358 7600

seeking, that the amount in controversy exceeds the jurisdictional minimum of $75,000.  *See Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) (holding that "facially apparent" standard is appropriate in determining amount in controversy for removal purposes); *Kammerdiener v. Ford Motor Co.*, No. ED CV09-2180PSG, 2010 WL 682297 (C.D. Cal. Feb. 24, 2010) (holding that, because plaintiffs seek damages for wrongful death and personal injuries, including general damages, special damages, burial and related expenses, and exemplary damages, it is facially apparent from the complaint that the amount in controversy exceeds $75,000); *Lamke v. Sunstate Equipment Co., LLC*, 319 F. Supp. 2d 1029, 1032 (N.D. Cal. 2004) citing *De Aguilar v. Boeing Co.*, 11 F.3d 55, 57 (5th Cir. 1993) (holding that, because plaintiff's damages arose out of claims for wrongful death, terror in anticipation of death, loss of companionship, and funeral expenses, it was facially apparent from the complaint that the damages exceeded the jurisdictional amount and that removal was proper).

23.    "Once the removing party has established by a preponderance of the evidence that the jurisdictional minimum is satisfied, remand is only appropriate if the plaintiff can establish to a legal certainty that the claim is for less than the requisite amount." *Hargis v. Access Capital Funding, LLC*, 674 F.3d 783, 790 (8th Cir. 2012) (citation omitted).  The legal certainty standard is met where the "legal impossibility of recovery [is] so certain as virtually to negative the plaintiff's good faith in asserting the claim." *Schubert v. Auto Owners Ins. Co.*, 649 F.3d 817, 822 (8th Cir. 2011) (citation omitted).

24.    In light of the foregoing, because there is complete diversity between plaintiffs and Delta and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, this Court has original jurisdiction over this action pursuant to 28 U.S.C. Sections 1332 and 1441(a).

/ /

/ /

CLYDE & CO LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, CA 90071
Telephone: 213 358 7600

## II

**THIS COURT ALSO HAS FEDERAL QUESTION JURISDICTION PURSUANT TO 28 U.S.C. SECTION 1331 BECAUSE THE RESOLUTION OF THE ISSUES RAISED IN PLAINTIFFS' COMPLAINT PRESENT IMPORTANT QUESTIONS OF FEDERAL LAW, I.E. WHETHER STATE LAW CAN BE USED TO REGULATE AIR CARRIER FLIGHT OPERATIONS AND FLIGHT SAFETY PROCEDURES, AIR CARRIER ROUTES AND SERVICES AND IMPOSE UNDUE BURDENS ON INTERSTATE AND INTERNATIONAL COMMERCE.**

25.     This is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. Section 1331 based on the need to resolve an important federal question, i.e., whether the individual States have the right to use their common or statutory law to regulate the flight of aircraft, their routes and services as well as flight safety.  Concurrent with same, plaintiffs' complaint also raises the extent to which state law can be used in a way that place burdens on interstate commerce.  These issues necessarily require the court to resolve important questions of federal law involving (1) the implicit preemption of state liability standards by the Federal Aviation Act of 1958 (the "FAA"),49 U.S.C. Section 40103, and its corresponding regulations promulgated by the Federal Aviation Administration regarding aviation safety; (2) the express preemption of a state's right to enact or enforce laws, regulations, or other provisions having the force and effect of law related to a "price, route or service of an air carrier" as is set forth in the Airline Deregulation Act ("ADA") and codified under 49 U.S.C. Section 41713(b); and, (3) the extent to which any state's regulation of air carrier operations places an unconstitutional burden on interstate or international commerce.

26.     The foregoing supplemental grounds for establishing federal jurisdiction are supported by well-established Supreme Court and Ninth Circuit holdings.

27.     *Grable & Sons Metal Prods, Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005) re-affirms prior Supreme Court decisions which upheld jurisdiction "over

CLYDE & CO LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, CA 90071
Telephone: 213 358 7600

state-law claims that implicate significant federal issues." 545 U.S. at 312.  In so doing *Grable* recognized that the "arising under doctrine" captures the common sense notion that a federal court ought to hear cases involving substantial questions of federal law.  *Id*.  The Court further emphasized that it has *never* stated a "single, precise, all-embracing" test for jurisdiction over federal issues embedded in state-law claims between non-diverse parties, as such a bright-line rule would be inappropriate. 545 U.S. at 314. (citing *Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 821 (1988).

28.     Subsequent to *Grable*, the Ninth Circuit cited to that decision in a decision recognizing that the obligations of air carriers are governed by federal statutes and regulations as well as federal common law.  *EIJ, Inc. v. United Parcel Serv., Inc.*, 233 F. App'x 600, 601–02 (9th Cir. 2007).  In so doing, it cited to a prior Ninth Circuit decision in *Read–Rite Corp. v. Burlington Air Express, Ltd.,* 186 F.3d 1190, 1197 (9th Cir.1999) to support that conclusion.  *Id*.

29.     *Read–Rite* holds that "even before Congress announced a federal policy preempting state regulation of air carriers with the ADA, we noted that "[f]ederal common law, rather than state law[,] may be applicable by reason of an overriding federal interest in the uniformity of obligations of domestic air carriers." 186 F.3d at 1196–97.

30.     The need for uniformity of air carrier obligations and duties has further been recognized by the Ninth Circuit's holding in *Montalvo* v. *Spirit Airlines,* 508 F.3d 464, 471 (9th Cir. 2007) (Federal Aviation Act and its corresponding regulations "demonstrate an intent to occupy exclusively the entire field of aviation safety and carry out Congress' intent to preempt all state law in this field."); see also, *Gilstrap v. United Air Lines, Inc.*, 709 F.3d 995, 1006 (9th Cir. 2013).

31.     The foregoing all support the supplemental basis for arising under federal jurisdiction and removal.

/ /

NOTICE OF REMOVAL OF DEFENDANT DELTA AIR LINES, INC. AND NOTICE OF RELATED CASES

CLYDE & CO LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, CA 90071
Telephone: 213 358 7600

### III

### THE CASE SHOULD BE RELATED BECAUSE IT ARISES OUT OF THE SAME EVENT, INVOLVES THE SAME ISSUES, AND IT IS IN THE INTEREST OF JUDICIAL ECONOMY

32.     As a result of the fuel jettison event on January 14, 2020, a number of lawsuits have been filed and have been assigned to Judge John A. Kronstadt and Magistrate Judge Steve Kim, consolidated under Lead Case No. LA CV20-00786 JAK (SKx).  Similarly, this matter also arises out of the same events of January 14, 2020.  Civil L.R. 83-1.3.1(a).

33.     Similar to the matter that have been previously consolidated, plaintiffs' have asserted negligence and strict liability claims against Delta as a result of the jet fuel jettison event.  Meaning that these matters each call for determination of the same or substantially related or similar questions of law and fact.  Civil L.R. 83-1.3.1(b).  In light of the identical legal and factual issues presented in these cases, should these cases proceed to be litigated separately, there is significant risk that inconsistent rulings may result.

34.     As way of illustration only, in the context of a motion for summary judgment, there is a danger that one Court could find that Delta did not owe the plaintiffs a duty while another Court could find that Delta did owe the plaintiffs named in another lawsuit a duty, resulting in conflicting rulings regarding the same questions of law and fact.

35.     Furthermore, requiring two judges to become familiar with the facts and law of both cases will result in an unnecessary duplication of labor and expense. Assignment of this matter to another judge would likely entail substantial duplication of labor because there is significant overlap of the factual and legal issues involved in each of the matters.  Civil L.R. 83-1.3.1(c).

/ /

/ /

CLYDE & CO LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, CA 90071
Telephone: 213 358 7600

36.    For these reasons, Delta respectfully requests that this matter be assigned to Judge John A. Kronstadt and Magistrate Judge Steve Kim and deemed related.

## IV

## NON-WAIVER

37.    In filing this Notice of Removal, Delta does not waive any defenses that may be available to it.

## CONCLUSION

WHEREFORE, defendant Delta prays that the above-entitled action now pending in the Superior Court of California for the County of Los Angeles be removed to this Court pursuant to 28 U.S.C. Sections 1331, 1332, 1441, and 1446(b) and that this matter be assigned Judge John A. Kronstadt and Magistrate Judge Steve Kim and that the Court find this matter to be related to Lead Case No. LA CV20-00786 JAK (SKx) and the matters which have been consolidated for pretrial purposes under same.

Dated: February 22, 2022          CLYDE & CO LLP

By:   _/s/ Kevin R. Sutherland_
          KEVIN R. SUTHERLAND
          AUTUMN E. LEWIS

          AND

          JEFFREY J. ELLIS
          (*Pro Hac Vice*)
          DAVID F. KNAPP
          (*Pro Hac Vice*)
          ORLA BRADY
          (*Pro Hac Vice*)

          Attorneys for Defendant,
          DELTA AIR LINES, INC.

EXHIBIT A

**From:** Veronica Picon <vpicon@rafiilaw.com>
**Sent:** Saturday, January 22, 2022 3:43 PM
**To:** Lewis, Autumn <Autumn.Lewis@clydeco.us>
**Cc:** Daniel Rafii <daniel@rafiilaw.com>; Jack Jambazian <jack@rafiilaw.com>;
   JoseFraustoZ9147904@projects.filevine.com; CarlosPerezZ7352280@projects.filevine.com
**Subject:** FRAUSTO, JOSE | 1.14.20 | S&C [Conf]

Counsel,

Attached please find, Conformed S&C.

Thank you,



**Veronica Picon**
RAFII & ASSOCIATES, P.C.
9100 Wilshire Boulevard, Suite 465E
Beverly Hills, California 90212
Tel: (310) 777-7877
Fax: (310) 777-7855
Web: www.Rafiilaw.com

CONFIDENTIALITY NOTICE: This electronic mail message is being sent by a law firm, and is intended exclusively for the individual or entity to which it is addressed. This message and any attachments enclosed may contain information that is privileged, confidential, and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this electronic message in error, please notify us immediately by reply email or by telephone at the telephone number above and delete all copies of it.

**Exhibit A**
**Page 1**

Electronically FILED by Superior Court of California, County of Los Angeles on 01/06/2022 03:05 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Clifton Deputy Clerk

Case 2:22-cv-01192-JAK-SK   Document 1   Filed 02/22/22   Page 14 of 70   Page ID #:14

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY |
|---|---|
| | *(SOLO PARA USO DE LA CORTE)* |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

DELTA AIR LINES, INC., a Delaware Corporation; DERRICK
STEWART, an individual; and DOES 1 through 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JOSE FRAUSTO, an individual; CARLOS PEREZ, an individual

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* | CASE NUMBER:<br>*(Número del Caso):*<br>**22STCV00589** |
|---|---|

Stanley Mosk Courthouse
111 North Hill Street, Los Angeles, California 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Daniel J. Rafii (SBN 244174)     Sherri R. Carter Executive Officer / Clerk of Court     Tel.: 310-777-7877
Rafii & Associates, P.C., 9100 Wilshire Blvd., Suite 465E, Beverly Hills, CA 90212     Fax: 310-777-7855

| DATE:<br>*(Fecha)* 01/06/2022 | Clerk, by<br>*(Secretario)* R. Clifton | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

**Page 1 of 1**

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courtinfo.ca.gov* |
|---|---|---|

**Exhibit A**
**Page 2**

Electronically FILED by Superior Court of California, County of Los Angeles on 01/06/2022 03:05 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Clifton Deputy Clerk

Assigned for all purposes to: Spring Street Courthouse, Judicial Officer: Jill Feeney

1  RAFII & ASSOCIATES, P.C.
   DANIEL J. RAFII, SBN 244174
2   *daniel@rafiilaw.com*
   9100 Wilshire Boulevard, Suite 465E
3  Beverly Hills, California 90212
   Telephone:  310.777.7877
4  Facsimile:  310.777.7855

5  Attorneys for Plaintiffs,

6

7

8

9                    **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10                          **COUNTY OF LOS ANGELES**

11  JOSE FRAUSTO, an individual; CARLOS          Case No.  **22STCV00589**
    PEREZ, an individual,

12                                               **PLAINTIFFS' COMPLAINT FOR**
                    Plaintiffs,                  **DAMAGES AND PERSONAL INJURIES**
13              v.

14  DELTA AIR LINES, INC., a Delaware            1. **NEGLIGENCE**
    Corporation; DERRICK STEWART, an            2. **NEGLIGENT INFLICTION OF**
15  individual; and DOES 1 through 50, inclusive,   **EMOTIONAL DISTRESS**
                                                 3. **STRICT LIABILITY FOR**
16              Defendants.                          **ULTRAHAZARDOUS**
                                                     **ACTIVITIES**
17                                               4. **RES IPSA LOQUITUR**
                                                 5. **PUBLIC NUISANCE**
18                                               6. **NEGLIGENCE PER SE**

19                                               **DEMAND FOR JURY TRIAL**

20

21

22

23      Plaintiffs, JOSE FRAUSTO, an individual, and CARLOS PEREZ, an individual, (hereinafter

24  "Plaintiffs") allege as follows:

25                          **GENERAL ALLEGATIONS**

26      1.      Plaintiff, JOSE FRAUSTO, is a natural person who at all times herein mentioned was

27  a resident of Whittier, California.

28      2.      Plaintiff, CARLOS PEREZ, is a natural person who at all times herein mentioned was

                                            1
                                    **COMPLAINT**

**Exhibit A**

**Page 3**

a resident of Bellflower, California

3.     Defendant, DELTA AIR LINES, INC. (hereinafter "DELTA") is, and at all times mentioned herein, a corporation created under the laws of the state of Delaware, doing business in the County of Los Angeles.

4.     Defendant, DERRICK STEWART, an individual, is a natural person who on information and belief is, and at all times mentioned herein was, a resident of Los Angeles, California.

5.     Plaintiffs are ignorant of the true names and capacities of defendants sued herein as DOES 1- 50, inclusive, and therefore sue these defendants by such fictitious names.  Plaintiffs will amend this Complaint to allege their true names and capacities when ascertained.

6.     Defendants DELTA, DERRICK STEWART, and DOES 1 through 50 may be collectively referred to as "Defendants."

7.     At all times mentioned herein, Defendants DELTA, DERRICK STEWART and DOES 1 through 50 were those owning, operating, controlling, repairing, modifying and maintaining a certain Boeing 777-200 (hereinafter referred to as "Defendants' aircraft").

8.     DOES 1 through 50, inclusive, are employees, agents, owners joint venturers, managers, directors, and/or officers of Defendant. Plaintiff is informed and believes and thereon alleges that one or more of DOES 1 through 50, or some of them, are responsible for the harm suffered by Plaintiff. DOES 1 through 50, in engaging in the conduct herein complained of, were at all times acting within the course and scope of their employment, agency, ownership, joint venture, management, or their status as an officer, director, or managing agent of Defendants. The precise identifies of DOES 1 through 50 are currently unknown to Plaintiff, but Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.

9.     On the morning of January 14, 2020, Shanghai-bound Delta Flight 89 took off from Los Angeles International Airport ("LAX"). Shortly after takeoff, the Boeing 777-200 jet experienced a compressor stall in one engine, requiring it to return to LAX. The Boeing 777-200 is designed and certified to be able to fly safely with only one functional engine, so this development did not pose any immediate danger to the passengers of Flight 89. However, upon experiencing this problem, the

RAFII & ASSOCIATES, P.C.
EXCELLENCE | COMMITMENT | RESULTS

pilot had to decide what to do. The pilot elected to return to LAX and land.

10.     At this point, the pilot faced another decision. The plane had enough fuel onboard to last the duration of the flight to China. This fuel brought the weight of the aircraft to a higher level than optimal for landing. In order to deal with the excess fuel the plane was carrying, the pilot had the ability to decide whether to seek a longer runway (which the pilot did request and obtain) in order to execute a higher speed approach and landing.

11.     Under the standard operating procedures for such circumstances, pilots may dispose of the excess fuel by burning it while flying in circles, or by outright dumping it to reduce the weight of the plane before it lands. In the event of a fuel dump, the plane is supposed to engage in this procedure by either: (i) dumping the fuel at a higher altitude (at least 5000 feet above ground level) to allow for the atomization and vaporizing of the fuel in the atmosphere, thereby preventing the fuel from reaching the ground; (ii) dumping the fuel over non-populated areas; or (iii) a combination of (i) and (ii), meaning, higher altitude and over non-populated areas.

12.     Additionally, under any circumstance, a fuel dump requires the notification of air traffic control in order to allow air traffic control to redirect air traffic to other areas so that other aircraft avoid flying through a cloud of atomized jet fuel. This is for the safety of the other air traffic as well as the safety of people on the ground.

13.     Notwithstanding the above, the pilot of Flight 89 decided to instead initiate a fuel dump at a lower altitude, and without notification of air traffic control, even though there was absolutely no need to do so.

14.     The Delta aircraft proceeded to drop fuel from 2,000 feet above ground level, well below the safety standard of 5,000-6,000 feet above ground level set by the United States Air Force. In doing so, Defendants doused numerous properties persons as it flew overhead. The airplane traveled approximately 15 miles while it released fuel onto at least 12,000 properties below it. Ultimately, Flight 89 dumped a total of 15,000 gallons of fuel before returning to LAX just minutes after takeoff. Among the locations that the airplane sprayed with jet fuel were a number of schools and thousands of properties. More than 60 people, including at least 20 children, were treated from

seven schools in the area, and thousands of properties remain, to this day, covered in jet fuel.

15.    The decision to dump the fuel at a low altitude over a highly populated area is highly unusual, and uncalled for. Normally, the pilot would dump fuel over the ocean or non-populated land, or land with the fuel still in the aircraft.

16.    In fact, while an aircraft can dump fuel in order to reduce weight prior to landing, unless the emergency is time critical, the practice is not a matter of safety, but of profit. Although an overweight plane can safely land, in doing so it risks damaging certain parts, resulting in the airline making costly repairs and potentially taking the aircraft out of service. In fact, the airline is required to inspect the plane following an overweight landing, thereby removing the plane from service for some time, even if it is ultimately determined that nothing was damaged.

17.    BOEING, the manufacturer of Defendants' aircraft, has stated that "service experience indicates that damage due to overweight landing is extremely rare." On information and belief, the reason why the pilot dumped the fuel because the pilot was following Delta's policies, which prioritize minimizing its costs.

18.    The Federal Aviation Administration stated that the Delta flight crew did not tell air traffic control they needed to dump fuel; contrary to what is typically done in such a situation.

19.    When the pilot alerted air traffic control of the problem and informed them the plane needed to return to LAX, the pilot did not warn air traffic control of his intention to dump fuel. Instead, the pilot stated the opposite, which was consistent with a higher weight approach and landing:

> Pilot: "We've got it back under control. We're going to come back to LAX. **We're not critical**. We're going to slow to 280 knots, and uh, why don't you point us downwind at 8,000 feet (unintelligible) and we'll turn back to LA."
>
> Tower: "OK, so you don't need to hold or dump fuel or anything like that?"
>
> Pilot: "Uh, negative."

20.    In a statement made shortly after the incident, the Federal Aviation Administration

RAFII & ASSOCIATES, P.C.
EXCELLENCE | COMMITMENT | RESULTS

4
**COMPLAINT**

explained "The FAA is thoroughly investigating the circumstances behind today's incident involving a Delta Air Lines flight that was returning to Los Angeles International Airport. There are special fuel-dumping procedures for aircraft operating into and out of any major US airport. These procedures call for fuel to be dumped over designated unpopulated areas, typically at higher altitudes so the fuel atomizes and disperses before it reaches the ground."

21.     If the fuel had been dumped at a higher altitude, it would have completely vaporized before reaching the ground. Boeing, relying on United States Air Force studies, has recommended that fuel be dumped above 5,000-6,000 feet. Additionally, the jet could have dumped the fuel over the Pacific Ocean, thereby avoiding releasing it over a populated area.

22.     On or about January 17, 2020, the South Coast Air Quality Management District issued a Notice of Violation to Delta, alleging that it caused a public nuisance in dumping the jet fuel.

23.     At all times mentioned herein, 330 E 93rd St, Los Angeles, CA 90003 is in Los Angeles County (hereinafter "Subject Location").

## VENUE

24.     Venue is proper because the injury and loss occurred in the County of Los Angeles.

## FIRST CAUSE OF ACTION

## NEGLIGENCE

## (BY PLAINTIFFS AGAINST ALL DEFENDANTS)

25.     Plaintiffs incorporate each allegation set forth in paragraphs 1 through 24, inclusive.

26.     Defendants negligently: (a) failed to notify and coordinate with air traffic control for safe fuel dumping; (b) failed to control the aircraft during the fuel dump in a manner that would not harm persons on the ground underneath the aircraft; (c) failed to ensure that the aircraft was in a safe position, as to altitude or location or both, prior to dumping fuel, including failing to abide by applicable regulations; (d) failed to refrain from dumping fuel over a densely-populated area; and (e) otherwise failed to avoid causing harm to the Plaintiffs, prior to and while dumping thousands of gallons of toxic jet fuel from the aircraft. In addition, Defendants were negligent in deciding Flight 89 to be in satisfactory condition to fly before the plane took off, and were negligent in deciding it

RAFII & ASSOCIATES, P.C.
EXCELLENCE | COMMITMENT | RESULTS

Exhibit A
Page 7

was necessary to dump fuel after they reported that the engine problems of Flight 89 were under control.

27.    At all times relevant herein, Defendants knew, or reasonably should have known, that the conduct, acts, and failures to act of the Defendants, as described above, would cause harm to Plaintiffs and other persons below the aircraft if it dumped toxic jet fuel onto their neighborhood.

28.    On January 14, 2020, Defendants breached their duty when Flight 89 dumped jet fuel at a low altitude over populated areas in such a manner that the Plaintiffs became coated in fuel.

29.    Defendants caused thousands of pounds of toxic jet fuel to be released over the city of Los Angeles, including the Subject Location.

30.    DELTA and Defendants had a duty of care in the hiring, retention, training and/or supervision of their employees, contractors, or agents.

31.    Defendants failed to properly train and/or supervise the pilots and other personnel responsible for the operation of Flight 89 with regard to safe procedures for dumping fuel from aircraft in flight so as to avoid harm to people on the ground under the aircraft. DELTA's employees, contractors and agents responsible for operation of Flight 89 were unfit to perform the work for which they were hired, in permitting the aircraft to operate in an unsafe condition, failing to coordinate with air traffic control regarding the fuel dump, and dumping fuel on a densely populated neighborhood from low altitude.

32.    Defendants knew or should have known that these employees, contractors, or agents were unfit or incompetent and that this unfitness or incompetence created a particular risk of harm to others, including Plaintiffs.

33.    In failing to exercise reasonable care in the hiring, supervision, training and/or retention of one or more employees, contractors, or agents, Defendants, and each of breached a duty of care owed to Plaintiffs.

34.    As a direct and proximate result of the acts and omissions of Defendants, and each of them, Plaintiffs were injured in their health, strength, and activity, sustaining injuries to their bodies and persons, all of which said injuries have caused and continue to cause Plaintiffs great physical

pain and suffering. Plaintiffs are informed and believe, and thereon allege these injuries will result in some permanent disability to them, all to their general damages in an amount which will be stated according to proof at trial.

35.     As a direct and proximate result of the acts and omissions of the Defendants, and each of them, and the injuries resulting therefrom, Plaintiffs necessarily employed physicians and surgeons for medical examination, treatment, and care of these injuries, and incurred medical and incidental expenses.  Plaintiffs will also have to incur additional like expenses in the future, all in amounts presently unknown to them.  Plaintiffs, therefore, ask leave of the Court to amend this complaint to show the amount of their medical expenses when ascertained, or to prove that amount at trial.

36.     As a direct and proximate result of the acts and omissions of the Defendants, and each of them, and the injuries resulting therefrom, Plaintiffs have been unable to carry out their usual occupations and will thereby suffer damages by reason of loss of income; that the exact and reasonable amount of said loss of income is unknown to Plaintiffs, who will ask leave of the court either to show the amounts of Plaintiffs' lost earnings, when ascertained, or to prove that amount at trial.

## SECOND CAUSE OF ACTION

### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

### (BY PLAINTIFFS AGAINST ALL DEFENDANTS)

37.     Plaintiffs incorporate each allegation set forth in paragraphs 1 through 36, inclusive.

38.     Defendants, and each of them, had a legal duty to Plaintiffs, as foreseeable victims, to exercise reasonable care as set forth herein. Defendants' breach was the legal and proximate cause of the injuries and damages suffered by Plaintiffs.

39.     As a result of the negligent conduct of Defendants, and each of them, Plaintiffs suffered serious emotional distress. Defendants knew or should have known that Plaintiffs would be harmed and suffer serious emotional distress during and as a result of their acts, conduct, and/or other wrongdoing, and ensuing dumping of jet fuel. Defendants knew or should have known that their conduct would cause serious emotional distress to Plaintiffs and that they would be harmed by the

**VOLUNTARY EFFICIENT LITIGATION STIPULATIONS**



**Superior Court of California**
**County of Los Angeles**



**Los Angeles County**
**Bar Association**
**Litigation Section**

**Los Angeles County**
**Bar Association Labor and**
**Employment Law Section**



**Consumer Attorneys**
**Association of Los Angeles**



**Southern California**
**Defense Counsel**



**Association of**
**Business Trial Lawyers**



**California Employment**
**Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties.  The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association**
**Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                    FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise?  If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve.  Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable?   Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation.  (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core."  In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case.  Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

**Exhibit A**

**Page 11**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lacourt.org* under "*Civil*" and then under "*General Information*").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the  complaint, and _____ for the cross-
             (INSERT DATE)                               (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case.  The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____     ➤ _____
     (TYPE OR PRINT NAME)                        (ATTORNEY FOR PLAINTIFF)
Date:

_____     ➤ _____
     (TYPE OR PRINT NAME)                       (ATTORNEY FOR DEFENDANT)
Date:

_____     ➤ _____
     (TYPE OR PRINT NAME)                       (ATTORNEY FOR DEFENDANT)
Date:

_____     ➤ _____
     (TYPE OR PRINT NAME)                       (ATTORNEY FOR DEFENDANT)
Date:

_____     ➤ _____
     (TYPE OR PRINT NAME)                       (ATTORNEY FOR _____)
Date:

_____     ➤ _____
     (TYPE OR PRINT NAME)                       (ATTORNEY FOR _____)
Date:

_____     ➤ _____
     (TYPE OR PRINT NAME)                       (ATTORNEY FOR _____)

LACIV 229 (Rev 02/15)
LASC Approved 04/11

**STIPULATION – EARLY ORGANIZATIONAL MEETING**

Page 2 of 2

**Exhibit A
Page 12**



Print     Save     Clear

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:                    FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – DISCOVERY RESOLUTION** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally.  Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a.  The party requesting the Informal Discovery Conference will:

        i.   File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        ii.  Include a brief summary of the dispute and specify the relief requested; and

        iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b.  Any Answer to a Request for Informal Discovery Conference must:

        i.   Also be filed on the approved form (copy attached);

        ii.  Include a brief summary of why the requested relief should be denied;

---

LACIV 036 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

Page 1 of 3

**Exhibit A**

**Page 13**

| SHORT TITLE: | CASE NUMBER: |
|---|---|

     iii.    Be filed within two (2) court days of receipt of the Request; and

     iv.    Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied.  If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

LACIV 036 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

Page 2 of 3

**Exhibit A**

**Page 14**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

| Print | Save | | Clear |
|---|---|---|---|

LACIV 036 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

Page 3 of 3

**Exhibit A**

**Page 15**

NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY:

STATE BAR NUMBER

Reserved for Clerk's File Stamp

TELEPHONE NO.:　　　　　　　　　　FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

## INFORMAL DISCOVERY CONFERENCE
(pursuant to the Discovery Resolution Stipulation of the parties)

CASE NUMBER:

1. This document relates to:

   ☐　Request for Informal Discovery Conference
   ☐　Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue.  For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

LACIV 094 (new)
LASC Approved 04/11
For Optional Use

## INFORMAL DISCOVERY CONFERENCE
(pursuant to the Discovery Resolution Stipulation of the parties)

Print　　　Save

Exhibit A
Clear
Page 16

| | | |
|---|---|---|
| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
| TELEPHONE NO.:                    FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | |
|---|---|
| COURTHOUSE ADDRESS: | |
| PLAINTIFF: | |
| DEFENDANT: | |
| **STIPULATION AND ORDER – MOTIONS IN LIMINE** | CASE NUMBER: |

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine.  Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine.  In that meet and confer, the parties will determine:

    a. Whether the parties can stipulate to any of the proposed motions.  If the parties so stipulate, they may file a stipulation and proposed order with the Court.

    b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues.  For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference.  Each side's portion of the short joint statement of issues may not exceed three pages.  The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

**STIPULATION AND ORDER – MOTIONS IN LIMINE**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

## The following parties stipulate:

Date: _____

➢ _____

_____ (TYPE OR PRINT NAME)                     (ATTORNEY FOR PLAINTIFF)

Date: _____

➢ _____

_____ (TYPE OR PRINT NAME)                     (ATTORNEY FOR DEFENDANT)

Date: _____

➢ _____

_____ (TYPE OR PRINT NAME)                     (ATTORNEY FOR DEFENDANT)

Date: _____

➢ _____

_____ (TYPE OR PRINT NAME)                     (ATTORNEY FOR DEFENDANT)

Date: _____

➢ _____

_____ (TYPE OR PRINT NAME)                     (ATTORNEY FOR _____)

Date: _____

➢ _____

_____ (TYPE OR PRINT NAME)                     (ATTORNEY FOR _____)

Date: _____

➢ _____

_____ (TYPE OR PRINT NAME)                     (ATTORNEY FOR _____)

## THE COURT SO ORDERS.

Date: _____

_____
JUDICIAL OFFICER

| Print | Save | | Clear |
|---|---|---|---|

**FILED**

LOS ANGELES SUPERIOR COURT

MAY 11 2011

JOHN A. CLARKE, CLERK

*N. Navarro*

BY NANCY NAVARRO, DEPUTY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

General Order Re                )   ORDER PURSUANT TO CCP 1054(a),
Use of Voluntary Efficient Litigation  )   EXTENDING TIME TO RESPOND BY
Stipulations                    )   30 DAYS WHEN PARTIES AGREE
                               )   TO EARLY ORGANIZATIONAL
                               )   MEETING STIPULATION
_____)

       Whereas the Los Angeles Superior Court and the Executive Committee of the

Litigation Section of the Los Angeles County Bar Association have cooperated in

drafting "Voluntary Efficient Litigation Stipulations" and in proposing the stipulations for

use in general jurisdiction civil litigation in Los Angeles County;

       Whereas the Los Angeles County Bar Association Litigation Section; the Los

Angeles County Bar Association Labor and Employment Law Section; the Consumer

Attorneys Association of Los Angeles; the Association of Southern California Defense

Counsel; the Association of Business Trial Lawyers of Los Angeles; and the California

Employment Lawyers Association all "endorse the goal of promoting efficiency in

litigation, and ask that counsel consider using these stipulations as a voluntary way to

promote communications and procedures among counsel and with the court to fairly

resolve issues in their cases;"

-1-

ORDER PURSUANT TO CCP 1054(a)

**Exhibit A**

**Page 19**

Whereas the Early Organizational Meeting Stipulation is intended to encourage cooperation among the parties at an early stage in litigation in order to achieve litigation efficiencies;

Whereas it is intended that use of the Early Organizational Meeting Stipulation will promote economic case resolution and judicial efficiency;

Whereas, in order to promote a meaningful discussion of pleading issues at the Early Organizational Meeting and potentially to reduce the need for motions to challenge the pleadings, it is necessary to allow additional time to conduct the Early Organizational Meeting before the time to respond to a complaint or cross complaint has expired;

Whereas Code of Civil Procedure section 1054(a) allows a judge of the court in which an action is pending to extend for not more than 30 days the time to respond to a pleading "upon good cause shown";

Now, therefore, this Court hereby finds that there is good cause to extend for 30 days the time to respond to a complaint or to a cross complaint in any action in which the parties have entered into the Early Organizational Meeting Stipulation. This finding of good cause is based on the anticipated judicial efficiency and benefits of economic case resolution that the Early Organizational Meeting Stipulation is intended to promote.

IT IS HEREBY ORDERED that, in any case in which the parties have entered into an Early Organizational Meeting Stipulation, the time for a defending party to respond to a complaint or cross complaint shall be extended by the 30 days permitted

-2-

ORDER PURSUANT TO CCP 1054(a)

**Exhibit A**
**Page 20**

by Code of Civil Procedure section 1054(a) without further need of a specific court order.

DATED: _May 11, 2011_

_____
Carolyn B. Kuhl, Supervising Judge of the
Civil Departments, Los Angeles Superior Court

-3-

ORDER PURSUANT TO CCP 1054(a)

**Exhibit A**
**Page 21**

dumping of toxic, flammable jet fuel which caused injuries and property damage. Defendants' conduct was a substantial factor in causing the Plaintiffs', and each of them, serious emotional distress.

40.     As a direct and legal result of Defendants' negligence, Plaintiffs were injured physically, emotionally, and/or economically, and/or were in the zone of danger of the jet fuel, and reasonably feared for their lives as they attempted to escape the jet fuel raining from the sky. As a result, Plaintiffs suffered damages as alleged herein.

## THIRD CAUSE OF ACTION

### STRICT LIABILITY FOR ULTRAHAZARDOUS ACTIVITIES
### (BY PLAINTIFFS AGAINST ALL DEFENDANTS)

41.     Plaintiffs incorporate each allegation set forth in paragraphs 1 through 40, inclusive.

42.     Defendants knew, or should have known, that the jet fuel dumped over Los Angeles was an ultrahazardous material which posed significant risk to human life.

43.     Because of the ultrahazardous and abnormally dangerous nature of the jet fuel which was dumped, the likelihood that harm would result from these materials being dumped at a low altitude over a heavily populated area was significant.

44.     Because of the nature of the jet fuel dump, no amount of reasonable care on the part of Defendants could eliminate the risk that dumping jet fuel directly over the community poses.

45.     There is no value to the community from the ultrahazardous material being improperly dumped over the community, and the dangerous attributes of Defendants' activity greatly outweighs the value to the community arising from Defendants' activities.

46.     Defendants are strictly liable for all damages suffered by Plaintiffs arising from or relating to Defendants' ultrahazardous activity. Such amounts will be proven at trial.

## FOURTH CAUSE OF ACTION

### RES IPSA LOQUITUR
### (BY PLAINTIFFS AGAINST ALL DEFENDANTS)

47.     Plaintiffs incorporate each allegation set forth in paragraphs 1 through 46, inclusive.

Exhibit A
Page 22

48.     The defendants owned, operated, controlled, repaired, modified and maintained a certain Boeing 777-200.

49.     On January 14, 2020, Plaintiffs were exposed to fuel that was dumped from Defendants' aircraft.

50.     At all relevant times, the fuel containing products that injured Plaintiffs were under the sole control of the defendants, their subsidiaries, their agents, servants, and employees.

51.     Plaintiffs, as other ordinary persons, are not ordinarily exposed to fuel falling from the sky absent negligence.

52.     Because Plaintiffs were exposed to fuel containing products in public and reasonable inferences therefrom, Plaintiffs' exposure was directly caused by defendants' negligence.

53.     Independently or in combination with one another, the negligent acts and omissions described above were the direct and proximate cause of Plaintiffs' injuries. These illnesses caused damages to Plaintiffs including without limitations, past medical and other expenses, past and future lost income, and past and future mental anguish, suffering in an amount according to proof at trial.

54.     Plaintiffs' harm ordinarily would not have happened unless someone was negligent, particularly Defendants' negligence. The harm to Plaintiffs was caused by something that only Defendants controlled, specifically Defendants' aircraft and the dumping of fuel. Plaintiffs' voluntary actions did not cause or contribute to the event that harmed.

55.     WHEREFORE, Plaintiffs pray judgment against Defendants, and each of them, as hereinafter set forth.

### FIFTH CAUSE OF ACTION

### PUBLIC NUISANCE

### (BY PLAINTIFFS AGAINST ALL DEFENDANTS)

56.     Plaintiffs incorporate each allegation set forth in paragraphs 1 through 55, inclusive.

57.     At all times relevant hereto: (1) Defendants, by dumping the jet fuel at a low altitude over a heavily-populated area, created a condition that was a dangerous, harmful to health and/or a life-safety hazard; (2) Defendants created or maintained a condition that affected a substantial number

RAFII & ASSOCIATES, P.C.
EXCELLENCE | COMMITMENT | RESULTS

9
**COMPLAINT**

of people at the same time; (3) Defendants created a condition that an ordinary person would be reasonably disturbed by, namely having jet fuel dumped over their neighborhood and being exposed to a toxic substance through their skins, mouths, noses, eyes, and lungs; (4) the seriousness of the harm Defendants caused outweighs any social utility of Defendants' conduct; (5) Plaintiffs did not consent to Defendants' conduct; (6) Plaintiffs suffered harm to their health and safety, and/or personal injury, including but not limited to, nausea, headaches, dizziness, irritation to and burning of the eyes, which was different from the type of harm suffered by the general public; and (7) Defendants' conduct was a substantial factor in causing Plaintiffs' harm.

## SIXTH CAUSE OF ACTION

### NEGLIGENCE PER SE

### (BY PLAINTIFFS AGAINST ALL DEFENDANTS)

58.   Plaintiffs incorporate each allegation set forth in paragraphs 1 through 57.

59.   Defendants operated their aircraft in a negligent, careless and reckless manner in that they dumped fuel in a highly populated area of Los Angeles County. In doing so, Defendants violated California Health and Safety Code section 41700(a) "…a person shall not discharge from any source whatsoever quantities of air contaminants or other material that cause injury, detriment, nuisance, or annoyance to any considerable number of persons or to the public, or that endanger the comfort, repose, health, or safety of any of those persons or the public, or that cause, or have a natural tendency to cause, injury or damage to business or property."

60.   As a proximate result of this negligence, carelessness, unlawfulness and/or recklessness, of Defendants and the resulting dumping of fuel as previously alleged, Plaintiffs were injured in their health, strength, and activity, sustained injuries to their bodies and shock and injury to their nervous system, pain and suffering, as well as medical expenses and lost past and future income.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against the Defendants, and each of them, as follows:

RAFII & ASSOCIATES, P.C.
EXCELLENCE | COMMITMENT | RESULTS

10
**COMPLAINT**

(1)     For economic damages, including lost wages, lost employee benefits, medical expenses and other economic obligations incurred according to proof at trial;

(2)     For non-economic damages, including physical pain and suffering, loss of enjoyment of life and anxiety associated with their injuries;

(3)     For pre-judgment interest at the maximum legal rate;

(4)     For post-judgment interest at the maximum legal rate;

(5)     For costs of suit herein incurred;

(6)     For such other relief that at the Court may deem just and proper.

### <u>DEMAND FOR JURY TRIAL</u>

Plaintiff requests that the present matter be set for jury trial.

DATED: January 6, 2022            Respectfully submitted,

                                  **RAFII & ASSOCIATES, P.C.**

                        By:     _____

                                  DANIEL J. RAFII, Esq.
                                  Attorneys for Plaintiffs



RAFII & ASSOCIATES, P.C.
EXCELLENCE | COMMITMENT | RESULTS

Electronically FILED by Superior Court of California, County of Los Angeles on 01/06/2022 03:05 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Clifton, Deputy Clerk

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Daniel J. Rafii, SBN 244174<br>Rafii & Associates, P.C.<br>9100 Wilshire Blvd., Suite 465E<br>Beverly Hills, CA 92212<br>TELEPHONE NO.: 310-777-7877  FAX NO. *(Optional):* 310-777-7855<br>ATTORNEY FOR *(Name):* Plaintiffs, JOSE FRAUSTO, et al. | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
JOSE FRAUSTO, et al. v. DELTA AIR LINES, INC., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [x] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | 22STCV00589 |
| | | | | JUDGE: |
| | | | | DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[x] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action *(specify):* Six (6)
5. This case [ ] is [x] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: January 6, 2022

Daniel J. Rafii
_____
(TYPE OR PRINT NAME) ▶ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courts.ca.gov* |
|---|---|---|

**Exhibit A**
**Page 26**

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*
**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)
**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*
**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*
**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex case type listed above)* (41)
**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**

**Exhibit A**

**Page 27**

| SHORT TITLE: JOSE FRAUSTO, et al. v. DELTA AIR LINES, INC., et al. | CASE NUMBER |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Court Filing Location (Column C) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Asbestos (04) | ☐ A6070  Asbestos Property Damage<br>☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11<br>1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons<br>☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11<br>1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall)<br>☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270  Intentional Infliction of Emotional Distress<br>☑ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11<br>1, 4, 11<br>1, 4, 11<br>1, 4, (11) |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

**Exhibit A**
**Page 28**

| SHORT TITLE: JOSE FRAUSTO, et al. v. DELTA AIR LINES, INC., et al. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: JOSE FRAUSTO, et al. v. DELTA AIR LINES, INC., et al. | | CASE NUMBER |
|---|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

| SHORT TITLE: JOSE FRAUSTO, et al. v. DELTA AIR LINES, INC., et al. | CASE NUMBER |
|---|---|

**Step 4:** **Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: | ADDRESS: |
|---|---|
| ☐ 1. ☐ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☑ 11. | 330 East 93rd Street |

| CITY: Los Angeles | STATE: CA | ZIP CODE: 90003 | |
|---|---|---|---|

**Step 5:** **Certification of Assignment:** I certify that this case is properly filed in the ___CENTRAL___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: ___January 6, 2022___

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4

**Exhibit A
Page 31**

**FILED**
Superior Court of California
County of Los Angeles

2020-SJ-002-00

FEB 24 2020

Sherri R. Carter, Executive Officer/Clerk

By _____ Deputy
C. Cruz Alicea

1

2

3 ## SUPERIOR COURT OF THE STATE OF CALIFORNIA

4 ## FOR THE COUNTY OF LOS ANGELES

5

6  IN RE PERSONAL INJURY ) CASE NO.: 22STCV00589
   COURT ("PI COURT") PROCEDURES )
7  SPRING STREET COURTHOUSE ) FIRST AMENDED STANDING ORDER
   (EFFECTIVE FEBRUARY 24, 2020) ) RE: PERSONAL INJURY PROCEDURES
8  _____ ) AT THE SPRING STREET COURTHOUSE

9

10

11  **ALL HEARINGS ARE SET IN THE DEPARTMENT AS
    REFLECTED IN THE NOTICE OF CASE ASSIGNMENT**

12

13  **FINAL STATUS CONFERENCE:**

14      DATE: _____06/22/2023_____ AT 10:00 A.M.

15  **TRIAL:**

16      DATE: _____07/06/2023_____ AT 8:30 A.M.

17

18  **OSC RE DISMISSAL
    (CODE CIV. PROC., § 583.210):**

19      DATE: _____01/02/2025_____ AT 8:30 A.M.

20

21  TO EACH PARTY AND TO THE ATTORNEY OF RECORD FOR EACH PARTY:

22      Pursuant to the California Code of Civil Procedure ("C.C.P."), the California Rules of

23  Court ("C.R.C.") and the Los Angeles County Court Rules ("Local Rules"), the Los Angeles

24  Superior Court ("LASC" or "Court") HEREBY AMENDS AND SUPERSEDES THE

25  SEPTEMBER 26, 2019 STANDING ORDER AND, GENERALLY ORDERS AS FOLLOWS

26  IN THIS AND ALL OTHER GENERAL JURISDICTION PERSONAL INJURY ("PI")

27  ACTIONS FILED IN THE CENTRAL DISTRICT.

28  ///

**Exhibit A
Page 32**

1.      To ensure proper assignment to a PI Court, plaintiff(s) must carefully fill out the Civil Case Cover Sheet Addendum (form LACIV 109). The Court defines "personal injury" as: "an unlimited civil case described on the Civil Case Cover Sheet Addendum and Statement of Location (LACIV 109) as Motor Vehicle-Personal Injury/Property Damage/Wrongful Death; Personal Injury/Property Damage/Wrongful Death-Uninsured Motorist; Product Liability (other than asbestos or toxic/environmental); Medical Malpractice-Physicians & Surgeons; Other Professional Health Care Malpractice; Premises Liability; Intentional Bodily Injury/Property Damage/Wrongful Death; or Other Personal Injury/Property Damage/Wrongful Death. An action for intentional infliction of emotional distress, defamation, civil rights/discrimination, or malpractice (other than medical malpractice), is not included in this definition. An action for injury to real property is not included in this definition" (Local Rule 2.3(a)(1) (A)).

Consistent with Local Rule 2.3(a)(1)(A), the Court will assign a case to the PI Courts if plaintiff(s) checks any of the following boxes in the Civil Case Cover Sheet Addendum:

☐   A7100 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death

☐   A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist

☐   A7260 Product Liability (not asbestos or toxic/environmental)

☐   A7210 Medical Malpractice – Physicians & Surgeons

☐   A7240 Medical Malpractice – Other Professional Health Care Malpractice

☐   A7250 Premises Liability (e.g., slip and fall)

☐   A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism etc.)

☐   A7220 Other Personal Injury/Property Damage/Wrongful Death

The Court will not assign cases to the PI Courts if plaintiff(s) checks any boxes elsewhere in the Civil Case Cover Sheet Addendum (any boxes on pages two and three of that form).

The Court sets the above dates in this action in the PI Court as reflected in the Notice of Case Assignment at the Spring Street Courthouse, 312 North Spring Street, Los Angeles, CA

1  90012 (C.R.C. Rules 3.714(b)(3), 3.729).

2  **FILING OF DOCUMENTS**

3  2.      With the exception of self-represented litigants or parties or attorneys that have obtained

4  an exemption from mandatory electronic filing, parties must electronically file documents.

5  Filings are no longer accepted via facsimile.  The requirements for electronic filing are detailed

6  in the Court's operative General Order Re Mandatory Electronic Filing for Civil, available online

7  at www.lacourt.org (link on homepage).

8  **SERVICE OF SUMMONS AND COMPLAINT**

9  3.      Plaintiff(s) shall serve the summons and complaint in this action upon defendant(s) as

10  soon as possible but no later than three years from the date when the complaint is filed

11  (C.C.P. § 583.210, subd. (a)).  On the OSC re Dismissal date noted above, the PI Court will

12  dismiss the action and/or all unserved parties unless the plaintiff(s) shows cause why the action

13  or the unserved parties should not be dismissed (C.C.P. §§ 583.250; 581, subd. (b)(4)).

14  4.      The Court sets the above trial and final status conference ("FSC") dates on the condition

15  that plaintiff(s) effectuate service on defendant(s) of the summons and complaint within six

16  months of filing the complaint.

17  5.      The PI Court will dismiss the case without prejudice pursuant to Code of Civil Procedure

18  § 581 when no party appears for trial.

19  **STIPULATIONS TO CONTINUE TRIAL**

20  6.      Provided that all parties agree (and there is no violation of the "five-year rule" (C.C.P.

21  § 583.310)), the parties may advance or continue any trial date in the PI Courts without showing

22  good cause or articulating any reason or justification for the change.  To continue or advance a

23  trial date, the parties (or their counsel of record) should jointly execute and submit a Stipulation

24  to Continue Trial, FSC and Related Motion/Discovery Dates (form LACIV CTRL-242, available

25  on the court's website, Personal Injury Court link).  The PI Courts schedule FSCs at 10:00 a.m.,

26  eight court days before the trial date.  Parties seeking to continue the trial and FSC dates shall

27  file the stipulation at least eight court days before the FSC date.  Parties seeking to advance the

28  trial and FSC dates shall file the stipulation at least eight court days before the proposed advanced

1  FSC date (C.C.P. § 595.2;  Govt. Code § 70617, subd. (c)(2)). In selecting a new trial date,
2  parties should avoid setting on any Monday, or the Tuesday following a court holiday.  Parties
3  may submit a maximum of two stipulations to continue trial, for a total continuance of six
4  months. Subsequent requests to continue trial will be granted upon a showing of good cause by
5  noticed motion.  This rule is retroactive so that any previously granted stipulation to continue
6  trial will count toward the maximum number of allowed continuances.

7  **NO CASE MANAGEMENT CONFERENCES**

8  7.      The PI Courts do not conduct case management conferences.  The parties need not file a
9  Case Management Statement.

10 **LAW AND MOTION**

11 8.      Any and all electronically-filed documents must be text searchable and bookmarked.
12 (*See* operative General Order re Mandatory Electronic Filing in Civil).

13 **COURTESY COPIES REQUIRED**

14 9.      Pursuant to the operative General Order re Mandatory Electronic Filing, courtesy
15 copies of certain documents must be submitted directly to the PI Court courtrooms at the
16 Spring Street Courthouse.  The PI Courts also strongly encourage the parties filing and
17 opposing lengthy motions, such as motions for summary judgment/adjudication, to submit one
18 or more three-ring binders organizing the courtesy copy behind tabs.  Any courtesy copies of
19 documents with declarations and/or exhibits must be tabbed (C.R.C. Rule 3.1110(f)).  All
20 deposition excerpts referenced in briefs must be marked on the transcripts attached as exhibits
21 (C.R.C. Rule 3.1116(c)).

22 **RESERVATION HEARING DATE**

23 10.     Parties must reserve hearing dates for motions in the PI Courts using the Court
24 Reservation System (CRS) available online at *www.lacourt.org* (link on homepage).   After
25 reserving a motion hearing date, the reservation requestor must submit the papers for filing with
26 the reservation receipt number printed on the face page of the document under the caption and
27 attach the reservation receipt as the last page.  Parties or counsel who are unable to utilize the
28 online CRS may reserve a motion hearing date by calling the PI courtroom, Monday through

1    Friday, between 3:00 p.m. and 4:00 p.m.

2    **WITHDRAWAL OF MOTIONS**

3    11.    California Rules of Court, Rule 3.1304(b) requires a moving party to notify the court

4    immediately if a matter will not be heard on the scheduled date.  In keeping with that rule, the

5    PI Courts require parties to comply with Code of Civil Procedure section 472(a) with regard to

6    the amending of pleadings related to demurrers or motions to strike so that the PI Courts do not

7    needlessly prepare tentative rulings for these matters.

8    **DISCOVERY MOTIONS**

9    12.    The purpose of an Informal Discovery Conference ("IDC") is to assist the parties to

10   resolve and/or narrow the scope of discovery disputes.  Lead trial counsel on each side, or another

11   attorney with full authority to make binding agreements, must attend in person.  The PI judges

12   have found that, in nearly every case, the parties amicably resolve disputes with the assistance

13   of the Court.

14   13.    Parties **must** participate in an IDC **before** a Motion to Compel Further Responses to

15   Discovery will be heard unless the moving party submits evidence, by way of declaration, that

16   the opposing party has failed or refused to participate in an IDC.  Scheduling or participating in

17   an IDC does not automatically extend any deadlines imposed by the Code of Civil Procedure for

18   noticing and filing discovery motions.  Ideally, the parties should participate in an IDC before a

19   motion is filed because the IDC may avoid the necessity of a motion or reduce its scope.  Because

20   of that possibility, attorneys are encouraged to stipulate to extend the 45 (or 60) day deadline for

21   filing a motion to compel further discovery responses in order to allow time to participate in an

22   IDC.

23         If parties do not stipulate to extend the deadlines, the moving party may file the motion

24   to avoid it being deemed untimely.   However, the IDC must take place before the motion is

25   heard so it is suggested that the moving party reserve a date for the motion hearing that is at least

26   60 days after the date when the IDC reservation is made. Motions to Compel Further Discovery

27   Responses are heard at 10:00 a.m. If the IDC is not productive, the moving party may advance

28   the hearing on a Motion to Compel Further Discovery Responses on any available hearing date

1  that complies with the notice requirements of the Code of Civil Procedure.

2  14.    Parties must reserve IDC dates in the PI Courts using CRS, which is available online at

3  www.lacourt.org (link on homepage).  Parties must meet and confer regarding the available dates

4  in CRS prior to accessing the system.  After reserving the IDC date, the reservation requestor

5  must file and serve an Informal Discovery Conference Form for Personal Injury Courts (form

6  LACIV 239) at least 15 court days prior to the conference and attach the CRS reservation receipt

7  as the last page.  The opposing party may file and serve a responsive IDC form, briefly setting

8  forth that party's response, at least ten court days prior to the IDC.

9  15.    Time permitting, the PI Hub judges may be available to participate in IDCs to try to

10  resolve other types of discovery disputes.

11  **EX PARTE APPLICATIONS**

12  16.    Under the California Rules of Court, courts may only grant *ex parte* relief upon a

13  showing, by admissible evidence, that the moving party will suffer "irreparable harm,"

14  "immediate danger," or where the moving party identifies "a statutory basis for granting relief

15  ex parte" (C.R.C. Rule 3.1202(c)).  The PI Courts have no capacity to hear multiple *ex parte*

16  applications or to shorten time to add hearings to their fully booked motion calendars.  The PI

17  Courts do not regard the Court's unavailability for timely motion hearings as an "immediate

18  danger" or threat of "irreparable harm" justifying *ex parte* relief.  Instead of seeking *ex parte*

19  relief, the moving party should reserve the earliest available motion hearing date (even if it is

20  after the scheduled trial date) and file a motion to continue trial.  Parties should also check

21  CRS from time to time because earlier hearing dates may become available as cases settle or

22  hearings are taken off calendar.

23  **REQUEST FOR TRANSFER TO INDEPENDENT CALENDAR DEPARTMENT**

24  17.    Parties seeking to transfer a case from a PI Court to an Independent Calendar ("IC")

25  Court shall file and serve the Court's "Motion/Opposition/Stipulation to Transfer Complicated

26  Personal Injury Case to Independent Calendar Court" (form LACIV 238, available on the Court's

27  website under the PI Courts link).  The PI Courts will transfer a matter to an IC Court if the case

28  is not a "Personal Injury" case as defined in this Order, or if it is "complicated."  In determining

whether a personal injury case is "complicated" the PI Courts will consider, among other things, the number of pretrial hearings or the complexity of issues presented.

18.     Parties opposing a motion to transfer have five court days to file an Opposition (using the same LACIV 238 Motion to Transfer form).

19.     The PI Courts will not conduct a hearing on any Motion to Transfer to IC Court. Although the parties may stipulate to transfer a case to an Independent Calendar Department, the PI Courts will make an independent determination whether to transfer the case or not.

**FINAL STATUS CONFERENCE**

20.     Parties shall comply with the requirements of the PI Courts' operative Standing Order Re Final Status Conference, which shall be served with the summons and complaint.

**JURY FEES**

21.     Parties must pay jury fees no later than 365 calendar days after the filing of the initial complaint (C. C. P. § 631, subd. (c)(2)).

**JURY TRIALS**

22.     The PI Courts do not conduct jury trials.  On the trial date, a PI Court will contact the Master Calendar Court, Department One, in the Stanley Mosk Courthouse.  Department One will assign cases for trial to dedicated Civil Trial Courtrooms and designated Criminal Courtrooms.

**SANCTIONS**

23.     The Court has discretion to impose sanctions for any violation of this general order (C.C.P. §§ 128.7, 187 and Gov. Code, § 68608, subd. (b)).

Dated:  Feb. 24, 2020

SAMANTHA P. JESSNER
Supervising Judge of Civil Courts

**FILED**

Superior Court of California
County of Los Angeles

2021-SJ-018-00

OCT 08 2021

Sherri R Carter Executive Officer/Clerk

By: _____ Deputy
Lorena Albine

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# FOR THE COUNTY OF LOS ANGELES – CENTRAL DISTRICT

| | |
|---|---|
| In re Personal Injury Cases Assigned to the Personal Injury Courts at the Spring Street Courthouse | ) SECOND AMENDED SUPPLEMENTAL ) STANDING ORDER RE COVID ) PROTECTIVE MEASURES RELATED TO ) FINAL STATUS CONFERENCES IN ) PERSONAL INJURY CASES AT THE ) SPRING STREET COURTHOUSE ) |

In an effort to reduce the number of in-person appearances in the Personal Injury ("PI") courtrooms located in the Spring Street courthouse and to prevent the transmission of the COVID-19 virus, the court hereby issues this supplemental order to the Third Amended Standing Order re: Final Status Conference Personal Injury Courts dated February 24, 2020 ("Operative PI FSC Order").

## 1.    ELECTRONIC TRIAL BINDERS

As set forth in the Operative PI FSC Order, parties/counsel must file and serve Trial Readiness Documents at least five calendar days prior to the FSC. Instead of providing the court that will be conducting the FSC with the trial binders as described in the Operative PI FSC Order and appearing in person, parties/counsel are ordered to provide the trial binders in electronic form. This will allow parties and attorneys to appear remotely for the final status conference and provide the court with the opportunity to review the trial binders to determine whether the parties/counsel are ready for trial. Hard copies of the binders prepared in accordance with the Operative PI FSC Order will continue to be required for the trial courtroom.

///

SECOND AMENDED SUPPLEMENTAL STANDING ORDER RE COVID PROTECTIVE MEASURES RELATED TO FINAL STATUS CONFERENCES IN PERSONAL INJURY CASES AT THE SPRING STREET COURTHOUSE

**Exhibit A**

**Page 39**

1   **2.   REQUIREMENTS OF ELECTRONIC TRIAL BINDERS**

2   At least <u>two</u> court days before the FSC, parties/counsel must submit via email a joint

3   electronic trial binder to the courtroom conducting the FSC as follows:

4       a.   The parties/counsel must submit in <u>one</u> PDF the joint statement of the case,

5           joint witness list, joint list of jury instructions, full-text joint and contested jury

6           instructions, joint and/or contested verdict form(s), joint exhibit list, and joint

7           deposition designation chart as listed in paragraph 4 of the Operative PI FSC

8           Order.

9       b.   The trial briefs and motions in limine, oppositions, and replies, if any, must be

10          submitted in a separate PDF.

11      c.   The PDFs must be text searchable.

12      d.   The PDFs must be bookmarked which is essentially an electronic tab so that

13          the FSC judge can easily find and navigate among the trial documents.

14          (See https://helpx.adobe.com/acrobat/using/page-thumbnails-bookmarks-

15          pdfs.html and/or https://support.microsoft.com/en-us/office/ for bookmarking

16          instructions).

17      e.   The PDFs must be emailed to the applicable email address listed below:

18          Department 27 at sscdept27FSC@LACourt.org

19          Department 28 at sscdept28FSC@LACourt.org

20          Department 29 at sscdept29FSC@LACourt.org

21          Department 30 at sscdept30FSC@LACourt.org

22          Department 31 at sscdept31FSC@LACourt.org

23          Department 32 at sscdept32FSC@LACourt.org

24      f.   The subject line in the email must include identifying case information as

25          follows:

26          [Insert Case Number] Trial Readiness Binder, FSC, [Insert MM/DD/YEAR of

27          Hearing Date] (e.g. 19STCV00001 Trial Readiness Binder, FSC 01/11/2021).

28

SECOND AMENDED SUPPLEMENTAL STANDING ORDER RE COVID PROTECTIVE MEASURES RELATED TO
FINAL STATUS CONFERENCES IN PERSONAL INJURY CASES AT THE SPRING STREET COURTHOUSE

**Exhibit A**

**Page 40**

g.   Each email should have two PDFs attached – one containing the Trial Readiness documents and the other containing the trial briefs and motions in limine, if applicable.

h.   The parties need not submit the evidentiary exhibit binders at the FSC. However, the parties shall prepare the exhibit binders as required in paragraph 5 of the Operative PI FSC Order and be prepared to represent to the court that they have been properly prepared. Hard copies of the exhibit binders will be required for trial.

**3.   FAILURE TO COMPLY WITH FSC OBLIGATIONS**

The court has discretion to require any party/counsel who fails or refuses to comply with this Supplemental Standing Order to show cause why the Court should not impose monetary, evidentiary and/or issue sanctions (including the entry of a default or the striking of an answer).  In addition, failure to timely and fully comply with this order may result in the case not being assigned a trial courtroom by Dept. 1.

Dated: _10/8/2021_

David J. Cowan
Supervising Judge, Civil
Los Angeles Superior Court

Page 3 of 3

2020-SJ-004-00

**FILED**
Superior Court of California
County of Los Angeles

FEB 24 2020

Sherri R. Carter, Executive Officer/Clerk
By_____ Deputy
Lorena Albino

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# FOR THE COUNTY OF LOS ANGELES – CENTRAL DISTRICT

| | |
|---|---|
| IN RE PERSONAL INJURY CASES ASSIGNED TO THE PERSONAL INJURY COURTS AT THE SPRING STREET COURTHOUSE | ) THIRD AMENDED STANDING ORDER ) RE: FINAL STATUS CONFERENCE, ) PERSONAL INJURY ("PI") COURTS ) (Effective January 13, 2020) ) |

The dates for Trial and the Final Status Conference ("FSC") having been set in this matter, the **COURT HEREBY AMENDS AND SUPERSEDES ITS August 9, 2019 STANDING ORDER RE: FINAL STATUS CONFERENCE, PERSONAL INJURY ("PI") COURTS AND, GENERALLY ORDERS AS FOLLOWS IN THIS AND ALL OTHER GENERAL JURISDICTION PERSONAL INJURY ACTIONS:**

**1.    PURPOSE OF THE FSC**

The purpose of the FSC is to verify that the parties/counsel are completely ready to proceed with trial continuously and efficiently, from day to day, until verdict. The PI Courts will verify at the FSC that all parties/counsel have (1) prepared the Exhibit binders and Trial Document binders and (2) met and conferred in an effort to stipulate to ultimate facts, legal issues, motions in limine, and the authentication and admissibility of exhibits.

///

///

///

Page 1 of 5

**2.     TRIAL DOCUMENTS TO BE FILED**

At least five calendar days prior to the Final Status Conference, the parties/counsel shall serve and file the following Trial Readiness Documents:

**A.     TRIAL BRIEFS (OPTIONAL)**

Each party/counsel may, but is not required to, file a trial brief succinctly identifying:

(1) the claims and defenses subject to litigation;

(2) the major legal issues (with supporting points and authorities);

(3) the relief claimed and calculation of damages sought; and

(4) any other information that may assist the court at trial.

**B.     MOTIONS IN LIMINE**

Before filing motions in limine, the parties/counsel shall comply with the statutory notice provisions of Code of Civil Procedure ("C.C.P.") Section 1005 and the requirements of Los Angeles County Court Rule ("Local Rule") 3.57(a).  The caption of each motion in limine shall concisely identify the evidence that the moving party seeks to preclude.  Parties filing more than one motion in limine shall number them consecutively.  Parties filing opposition and reply papers shall identify the corresponding motion number in the caption of their papers.

**C.     JOINT STATEMENT TO BE READ TO THE JURY**

For jury trials, the parties/counsel shall work together to prepare and file a joint written statement of the case for the court to read to the jury (Local Rule 3.25(g)(4)).

**D.     JOINT WITNESS LIST**

The parties/counsel shall work together to prepare and file a joint list of all witnesses that each party intends to call, excluding impeachment and rebuttal witnesses (Local Rule 3.25(g)(5)).  The joint witness list shall identify each witness by name, specify which witnesses are experts, estimate the length of the direct, cross examination and re-direct examination (if any) of each, and include a total of the number of hours for all witness testimony.  The parties/counsel shall identify all potential witness scheduling issues and special requirements.  Any party/counsel who seeks to elicit testimony from a witness not identified on the witness list must first make a showing of good cause to the trial court.

### E.     LIST OF PROPOSED JURY INSTRUCTIONS
####       (JOINT AND CONTESTED)

The parties/counsel shall jointly prepare and file a list of proposed jury instructions, organized in numerical order, specifying the instructions upon which all sides agree and the contested instructions, if any.  The List of Proposed Jury Instructions must include a space by each instruction for the judge to indicate whether the instruction was given.

### F.     JURY INSTRUCTIONS
####       (JOINT AND CONTESTED)

The parties/counsel shall prepare a complete set of full-text proposed jury instructions, editing all proposed California Civil Jury Instructions and insert party name(s) and eliminate blanks, brackets, and irrelevant material.  The parties/counsel shall prepare special instructions in a format ready for submission to the jury with the instruction number, title, and text only (i.e., there should be no boxes or other indication on the printed instruction itself as to the requesting party).

### G.     JOINT VERDICT FORM(S)

The parties/counsel shall prepare and jointly file a proposed general verdict form or special verdict form (with interrogatories) acceptable to all sides (Local Rule 3.25(g)(8)).  If the parties/counsel cannot agree on a joint verdict form, each party must separately file a proposed verdict form.

### H.     JOINT EXHIBIT LIST

The parties/counsel shall prepare and file a joint exhibit list organized with columns identifying each exhibit and specifying each party's evidentiary objections, if any, to admission of each exhibit.  The parties/counsel shall meet and confer in an effort to resolve objections to the admissibility of each exhibit.

### I.     PAGE AND LINE DESIGNATION FOR
####       DEPOSITION AND FORMER TESTIMONY

If the parties/counsel intend to use deposition testimony or former trial testimony in lieu of any witness's live testimony, the parties/counsel shall meet and confer and jointly prepare and file a chart with columns for each of the following:  1) the page and line designations of the deposition or

**Exhibit A**
**Page 44**

former testimony requested for use, 2) objections, 3) counter-designations, 4) any responses thereto, and 5) the Court's ruling.

## 3.    EVIDENTIARY EXHIBITS

The parties/counsel shall jointly prepare (and be ready to temporarily lodge for inspection at the FSC) three sets of tabbed, internally paginated by document, and properly-marked exhibits, organized numerically in three-ring binders (a set for the Court, the Judicial Assistant and the witnesses).  The parties/counsel shall mark all non-documentary exhibits and insert a simple written description of the exhibit behind the corresponding numerical tab in the exhibit binder.  If the parties have a joint signed exhibit list and electronic copies of their respective exhibits, then the parties/counsel will not be required to produce exhibit binders at the FSC.  However, the exhibit binders will be required by the assigned trial judge when the trial commences.  In the absence of either a joint signed exhibit list or electronic copies, exhibit binders will be required to be produced by all parties/counsel at the FSC.

## 4.    TRIAL BINDERS REQUIRED IN THE PI COURTS

The parties/counsel shall jointly prepare (and be ready to temporarily lodge and include the following for inspection at the FSC) the Trial Documents consisting of conformed copies (if available), tabbed and organized into three-ring binders with a table of contents that includes the following:

| Tab A: | Trial Briefs (Optional) |
|---|---|
| Tab B: | Motions in Limine |
| Tab C: | Joint Statement to Be Read to the Jury |
| Tab D: | Joint Witness List |
| Tab E: | Joint List of Jury Instructions (identifying the agreed upon and contested instructions) |
| Tab F: | Joint and Contested Jury Instructions |
| Tab G: | Joint and/or Contested Verdict Form(s) |
| Tab H: | Joint Exhibit List |

THIRD AMENDED ORDER RE FINAL STATUS CONFERENCE, PERSONAL INJURY COURTS
(Effective January 13, 2020)

Tab I:       Joint Chart of Page and Line Designation(s) for Deposition and
             Former Testimony

Tab J:       Copies of the Current Operative Pleadings (including the operative complaint,
             answer, cross-complaint, if any, and answer to any cross-complaint).

The parties/counsel shall organize motions in limine (tabbed in numerical order) behind Tab B with the opposition papers and reply papers for each motion placed directly behind the moving papers.  The parties shall organize proposed jury instructions behind Tab F, with the agreed upon instructions first in order followed by the contested instructions (including special instructions) submitted by each side.

## 5.       FAILURE TO COMPLY WITH FSC OBLIGATIONS

The court has discretion to require any party/counsel who fails or refuses to comply with this Amended Standing Order to Show Cause why the Court should not impose monetary, evidentiary and/or issue sanctions (including the entry of a default or the striking of an answer).

Dated: _Feb. 24, 2020_        _____

SAMANTHA P. JESSNER
Supervising Judge of Civil Courts

Page 5 of 5

THIRD AMENDED ORDER RE FINAL STATUS CONFERENCE, PERSONAL INJURY COURTS
(Effective January 13, 2020)

2021-SJ-008-00

**FILED**
Superior Court of California
County of Los Angeles

**JUN 23 2021**

Sherri R. Carter, Executive Officer/Clerk

By_____ Deputy
Izrhela Albine

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| IN RE PERSONAL INJURY CASES ASSIGNED TO PERSONAL INJURY COURTROOMS AT THE SPRING STREET COURTHOUSE ) ) ) ) ) ) ) ) ) | SIXTH AMENDED STANDING ORDER RE: MANDATORY SETTLEMENT CONFERENCE (Effective June 21, 2021) |

TO EACH PARTY AND TO THE ATTORNEY OF RECORD FOR EACH PARTY:

Pursuant to California Code of Civil Procedure, the California Rules of Court and the Los Angeles Court Rules, the Los Angeles Superior Court (Court) HEREBY AMENDS AND SUPERSEDES THE FEBRUARY 24, 2020 FIFTH AMENDED STANDING ORDER, AND THE COURT HEREBY ISSUES THE FOLLOWING SIXTH AMENDED STANDING ORDER:

The Court orders the parties to participate in a virtual Mandatory Settlement Conference (MSC) supervised by a judge and staffed by volunteer attorneys who have significant experience in handling these types of cases and are members of the American Board of Trial Advocates, the Association of Southern California Defense Counsel, the Consumer Attorneys Association of Los Angeles, and or the Beverly Hills Bar Association, and have continuing professional interest as officers of the court in its successful operation.

1. Plaintiff's counsel shall within two (2) court days of the Court's Order of an MSC access the ResolveLawLA website at www.resolvelawla.com to create an account and register the case for MSC. Plaintiff's counsel must coordinate with defense counsel and select a mutually agreed upon date and time for the MSC prior to the trial date. Plaintiff's counsel shall also provide the name, email address, and phone number for defense counsel when registering the case for an MSC.

2. A mandatory settlement conference statement shall be lodged by each party with the ResolveLawLA website and served on all parties not less than five (5) court days before the scheduled MSC. The settlement conference statement shall be limited to five (5) pages on the MSC Brief and ten (10) pages for exhibits. ResolveLawLA MSCs are available at 9 a.m. and 1:30 p.m. Monday through Friday, excluding court holidays, and are conducted via Zoom.

3. Pursuant to California Rules of Court, Rule 3.1380(b) and Los Angeles Superior Court Rule 3.25(d), trial counsel, the parties and persons with full authority to settle the case (including insurance company representatives) must attend virtually via the website unless a judge has excused the virtual appearance for good cause. Once defense counsel is notified that the matter has been scheduled for a remote MSC, defense counsel shall create their own login to the resolvelawla.com system, and shall list all parties, party representatives and insurance adjusters' names, phone numbers, and emails where indicated. In the event the MSC needs to be canceled, it must be canceled through the ResolveLawLA system.

4. If the case settles prior to the scheduled MSC, Plaintiff's counsel shall forthwith notify the courtroom to which the case is assigned of such settlement. The parties should also document their settlement agreement in a writing signed by all parties. Upon receiving notification, the ResolveLawLA system will send notifications via text and/or email and will include a Zoom link for counsel, the parties, and insurance representatives to join the remote MSC.

5. The Court has the discretion to require any party and/or counsel who fails or refuses to comply with this order, to show cause why the Court should not impose monetary sanctions.

IT IS SO ORDERED.

Dated: ___6/23/21___                              _____

Judge David J. Cowan
Supervising Judge, Civil Division

2

STANDING ORDER – Sixth Amended Standing Order
re MSC In Re PI Cases Assigned to PI Courtrooms at Spring Street Courthouse

**Exhibit A**

**Page 48**



# Superior Court of California, County of Los Angeles

---

## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

---

### What is ADR?

ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR

- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR

- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

### Main Types of ADR

1. **Negotiation**: Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation**: In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all.  Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may <u>not</u> be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

**Exhibit A**
**Page 49**

**How to Arrange Mediation in Los Angeles County**

Mediation for **civil cases** is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
   If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

   - **ADR Services, Inc.** Case Manager Elizabeth Sanchez, elizabeth@adrservices.com (949) 863-9800
   - **JAMS, Inc.** Assistant Manager Reggie Joseph, RJoseph@jamsadr.com (310) 309-6209
   - **Mediation Center of Los Angeles** Program Manager info@mediationLA.org (833) 476-9145

**These organizations cannot accept every case and they may decline cases at their discretion**. They may offer online mediation by video conference for cases they accept. Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

**NOTE: The Civil Mediation Vendor Resource List program does not accept family law, probate or small claims cases.**

b. **Los Angeles County Dispute Resolution Programs**
   https://hrc.lacounty.gov/wp-content/uploads/2020/05/DRP-Fact-Sheet-23October19-Current-as-of-October-2019-1.pdf

   Day of trial mediation programs have been paused until further notice.

   **Online Dispute Resolution (ODR).** Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case.

c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3. **Arbitration**: Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit http://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC)**: MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit http://www.lacourt.org/division/civil/C10047.aspx

Los Angeles Superior Court ADR website: http://www.lacourt.org/division/civil/C10109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>01/06/2022<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ R. Clifton _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br><br>**UNLIMITED CIVIL CASE** | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>22STCV00589 |

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | Jill  Feeney | 30 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 01/06/2022
      (Date)

LACIV 190 (Rev 6/18)
LASC Approved 05/06

Sherri R. Carter, Executive Officer / Clerk of Court

By R. Clifton_____, Deputy Clerk

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**   **Exhibit A**

**Page 51**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007.  They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date.  All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference.  These matters may be heard and resolved at this conference.  At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status.  If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**   **Exhibit A**
**Page 52**

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY:        STATE BAR NO: | FOR COURT USE ONLY |
|---|---|
| NAME: Daniel J. Rafii, Esq. (SBN 244174) Jack Jambazian, Esq. (327437)<br>FIRM NAME: Rafii & Associates, P.C.<br>STREET ADDRESS: 9100 Wilshire Blvd., Suite 465E<br>CITY: Beverly Hills                        STATE: CA    ZIP CODE: 90212<br>TELEPHONE NO.: (310) 777-7877            FAX NO.: (310) 777.7855<br>E-MAIL ADDRESS: daniel@rafiilaw.com; jack@rafiilaw.com; litigation@rafiilaw.com<br>ATTORNEY FOR (Name): Jack Jambazian, Esq. | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES |
|---|
| STREET ADDRESS: 111 North Hill Street<br>MAILING ADDRESS: 111 North Hill Street<br>CITY AND ZIP CODE: Los Angeles, CA 90012<br>BRANCH NAME: Stanley Mosk Courthouse |

| Plaintiff/Petitioner: Jose Frausto, et al.<br>Defendant/Respondent: Delta Air Lines, Inc., et al. |
|---|

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>22STCV00589 |
|---|---|

TO (insert name of party being served): Defendant's: Delta Air Lines, Inc., et al.

---

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

---

Date of mailing: January 22, 2022

Veronica Picon
_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of (to be completed by sender before mailing):

1. [x] A copy of the summons and of the complaint.
2. [x] Other (specify):
    Summons; Complaint; CCCS; Addendum and Statement of Location;Stip- Early Organizational Meeting; Stip- Disc Resolution;Informal Discovery Conference; Stip and Order - Motions In Limine; Order Persuant to CCP 1054(a); 1st Amended Standing Order Re PI Procedures; 2nd Amended Supp Standing Order Re Covid Protective Measures Related to FSC; 3rd. Amended Order re FSC; 6th. Amended Standing Order re MSC; ADR Package; Ntc Case Assignmt

(To be completed by recipient):

Date this form is signed: _____

_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

_____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL | Code of Civil Procedure,<br>§§ 415.30, 417.10<br>www.courtinfo.ca.gov |
|---|---|---|

**Exhibit A**
**Page 53**

# EXHIBIT B

**CIV-110**

Electronically Received 02/16/2022 01:42 PM

Electronically Received 02/16/2022 01:42 PM

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NO: | FOR COURT USE ONLY |
|---|---|---|

NAME: Jack Jambazian (SBN 327437)
FIRM NAME: Rafii & Associates, P.C.
STREET ADDRESS: 9100 Wilshire Blvd., Suite 465E
CITY: Beverly Hills   STATE: CA   ZIP CODE: 90212
TELEPHONE NO.: 310-777-7877   FAX NO.: 310-777-7855
E-MAIL ADDRESS: jack@rafiilaw.com | litigation@rafiilaw.com
ATTORNEY FOR (Name): Plaintiffs, JOSE FRAUSTO, et al.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: Stanley Mosk Courthouse

Plaintiff/Petitioner: JOSE FRAUSTO, et al.
Defendant/Respondent: DELTA AIR LINES, INC., et al.

| REQUEST FOR DISMISSAL | CASE NUMBER: 22STCV00589 |
|---|---|

A conformed copy will not be returned by the clerk unless a method of return is provided with the document.

This form may not be used for dismissal of a derivative action or a class action or of any party or cause of action in a class action. (Cal. Rules of Court, rules 3.760 and 3.770.)

1. TO THE CLERK: Please **dismiss** this action as follows:
   a. (1) [ ] With prejudice   (2) [x] Without prejudice
   b. (1) [x] Complaint   (2) [ ] Petition
   (3) [ ] Cross-complaint filed by (name):   on (date):
   (4) [ ] Cross-complaint filed by (name):   on (date):
   (5) [ ] Entire action of all parties and all causes of action
   (6) [x] Other (specify):* ONLY as to Defendant, DERRICK STEWART

2. (Complete in all cases except family law cases.)
   The court [ ] did [x] did not waive court fees and costs for a party in this case. (This information may be obtained from the clerk. If court fees and costs were waived, the declaration on the back of this form must be completed).

Date: February 16, 2022

Jack Jambazian, Esq.
_____
(TYPE OR PRINT NAME OF [x] ATTORNEY [ ] PARTY WITHOUT ATTORNEY)

*If dismissal requested is of specified parties only or specified causes of action only, or of specified cross-complaints only, so state and identify the parties, causes of action, or cross-complaints to be dismissed.

▶ _____
(SIGNATURE)

Attorney or party without attorney for:
[x] Plaintiff/Petitioner   [ ] Defendant/Respondent
[ ] Cross Complainant

3. **TO THE CLERK:** Consent to the above dismissal is hereby given.**

Date:
_____
(TYPE OR PRINT NAME OF [ ] ATTORNEY [ ] PARTY WITHOUT ATTORNEY)

** If a cross-complaint – or Response (Family Law) seeking affirmative relief – is on file, the attorney for cross-complainant (respondent) must sign this consent if required by Code of Civil Procedure section 581 (i) or (j).

▶ _____
(SIGNATURE)

Attorney or party without attorney for:
[ ] Plaintiff/Petitioner   [ ] Defendant/Respondent
[ ] Cross Complainant

(To be completed by clerk)

4. [ ] Dismissal entered as requested on (date):
5. [ ] Dismissal entered on (date):   as to only (name):
6. [ ] Dismissal **not entered** as requested for the following reasons (specify):

7. a. [ ] Attorney or party without attorney notified on (date):
   b. [ ] Attorney or party without attorney not notified. Filing party failed to provide
   [ ] a copy to be conformed   [ ] means to return conformed copy

Date: _____   Clerk, by _____, Deputy

**Exhibit B**
**Page 01**

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CIV-110 [Rev. Jan. 1, 2013]

**REQUEST FOR DISMISSAL**

Code of Civil Procedure, § 581 et seq.; Gov. Code,
§ 68637(c); Cal. Rules of Court, rule 3.1390
www.courts.ca.gov

**CIV-110**

| | |
|---|---|
| Plaintiff/Petitioner: JOSE FRAUSTO, et al. | CASE NUMBER: |
| Defendant/Respondent: DELTA AIR LINES, INC., et al. | 22STCV00589 |

**COURT'S RECOVERY OF WAIVED COURT FEES AND COSTS**

If a party whose court fees and costs were initially waived has recovered or will recover $10,000 or more in value by way of settlement, compromise, arbitration award, mediation settlement, or other means, the court has a statutory lien on that recovery. The court may refuse to dismiss the case until the lien is satisfied. (Gov. Code, § 68637.)

## Declaration Concerning Waived Court Fees

1. The court waived court fees and costs in this action for *(name):*

2. The person named in item 1 is *(check one below):*
   a. ☐ not recovering anything of value by this action.
   b. ☐ recovering less than $10,000 in value by this action.
   c. ☐ recovering $10,000 or more in value by this action. *(If item 2c is checked, item 3 must be completed.)*

3. ☐ All court fees and court costs that were waived in this action have been paid to the court  *(check one):*   Yes   No

I declare under penalty of perjury under the laws of the State of California that the information above is true and correct.

Date:

_____          ▶ _____

(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY MAKING DECLARATION)                    (SIGNATURE)

**Exhibit B**
**Page 02**

**<u>CERTIFICATE OF SERVICE</u>**

**STATE OF CALIFORNIA**
**COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California, I am over the age of eighteen years, and not a party to the within action.  My business address is 355 S. Grand Avenue, Suite 1400, Los Angeles, California 90071.

On February 22, 2022, I served true copies of the following document(s) described as

**NOTICE OF REMOVAL OF DEFENDANT DELTA AIR LINES, INC. TO UNITED STATES DISTRICT COURT [28 U.S.C. Sections 1331, 1332, 1441, and 1446] AND NOTICE OF RELATED CASES PURSUANT TO LOCAL RULE 83-1.3.1**

on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

in the following manner:

☐  **(BY MAIL):** as follows:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

☒  **(BY CM/ECF):** by electronic filing system with the clerk of the Court which will send a Notice of Electronic Filing to all parties with an e-mail address of record, who have filed a Notice of Consent to Electronic Service in this action.

I declare I am employed in the office of a member of the bar of this court at whose direction the service was made.  I declare under penalty of perjury under the laws of the State of that the foregoing is true and correct.

Executed on February 22, 2022 at Benicia, California.

Caroline Pfahl

CLYDE & CO LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, CA 90071
Telephone: 213 358 7600

8838322v1

-12-

NOTICE OF REMOVAL OF DEFENDANT DELTA AIR LINES, INC. AND NOTICE OF RELATED CASES

1

**SERVICE LIST**

2

| Daniel J. Rafii, Esq.<br>RAFFI & ASSOCIATES, P.C.<br>9100 Wilshire Boulevard, Suite 465E<br>Beverly Hills, California 90212<br><br>Attorney for Plaintiffs | Telephone: (310) 777-7877<br>Facsimile: (310) 777-7855<br><br>Email: daniel@raffiilaw.com |
| --- | --- |

CLYDE & CO LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, CA 90071
Telephone: 213 358 7600

8838322v1

-13-